IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL BEZVERHOV; YELENA BEZVERKHOVA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION; JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, LLC, OHIO; CHASE HOME FINANCE, LLC; CONSOLIDATED CAPITAL MORTGAGE,<br><br>　　　　　Defendants. | 2:09-cv-01880-MCE-KJM<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

On July 9, 2009, at approximately 4:30 p.m., Plaintiffs filed a request for a temporary restraining order ("TRO") enjoining a Trustee's sale of their property scheduled for July 10, 2009. Plaintiffs fail to explain why they waited until late yesterday to enjoin a Trustee's sale scheduled at some unspecified time today. As prescribed in Local Rule 65-231,

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

E.D. Cal. L.R. 65-231(b).

1

Further, Local Rule 65-231(c) states that "[n]o hearing on a temporary restraining order will normally be set unless . . . an affidavit detailing the notice or efforts to effect notice to the affected parties of counsel . . . ." No such affidavit has been filed.

In addition, since Plaintiffs have failed to explain why they waited until late yesterday to file a motion for a TRO in which they seek "last-minute" relief, and since reason has not been provided explaining why the delay does not constitute laches or contradict Plaintiffs' allegations of irreparable harm, Plaintiffs' delay is found to constitute laches.

Lastly, Plaintiffs have failed to provide sufficient factual information on details of the mortgage loan at issue, which was approved in July 2007, and the conclusory manner in which they argue they are likely to prevail on its merits is unpersuasive. Nor have Plaintiffs shown that the balance of equities tip in their favor. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct 365, 374 (2008).

Therefore, Plaintiffs' motion for a TRO is denied.

Dated: July 10, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge