1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11  PAVEL BEZVERKHOV and YELENA
    BEZVERKHOVA,
12                                          No. 2:09-cv-01880-MCE-KJM

             Plaintiffs,
13
        v.                                  MEMORANDUM AND ORDER
14
    CAL-WESTERN RECONVEYANCE
15  CORPORATION; JP MORGAN CHASE
    BANK, N.A.; CHASE HOME
16  FINANCE, LLC. (Ohio); CHASE
    HOME FINANCE, LLC.;
17  CONSOLIDATED CAPITAL MORTGAGE;
    and DOES 1-10,
18
             Defendants.
19

20                              ----oo0oo----

21

22       Presently before the Court is a Motion by Defendants JP

23  Morgan Chase Bank, N.A. ("JP Morgan") and Chase Home Finance LLC

24  ("Chase Finance") (collectively "Defendants") to dismiss the

25  Complaint of Plaintiffs Pavel Bezkerhov and Yelena Bezkerhova

26  ("Plaintiffs") for failure to state a claim upon which relief may

27  be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

28  For the reasons set forth below, Defendants' Motion is granted.

                                    1

### BACKGROUND[1]

Through the present lawsuit Plaintiffs allege a litany of federal and state law violations in connection with the refinancing of their home mortgage and the subsequent non-judicial foreclosure of the mortgaged property.

In June 2007, Plaintiffs refinanced their home securing a $290,000 mortgage loan from JP Morgan, brokered by Consolidated Capital Mortgage (CC Mortgage). In pursuing the loan, Plaintiffs allege that the loan officer for JP Morgan and/or CC Mortgage misled them into believing this was the only creditor that would approve of Plaintiffs' loan. At the closing, JP Morgan and CC Mortgage allegedly failed to explain the terms of the documents presented for signature. At no point was a Real Income Analysis conducted, nor was there verification of Plaintiffs' ability to pay.

Plaintiffs eventually defaulted, and a Notice of Default and Election to Sell was recorded on December 19, 2008. The Notice identified Defendant Chase Finance as the assignee-beneficiary of the trust. On March 12, 2009, Plaintiffs, pursuant to the Real Estate Settlement Procedures Act, sent a Qualified Written Request ("QWR") to Chase Finance requesting a) information as to whether the Plaintiffs were properly furnished with the mandated disclosure documents; b) copies of the signed and dated disclosures and other loan documents, accompanied by a verification of actual delivery;

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

1   c) copies of the promissory note and Deed of Trust; and

2   d) information on the loan payment applications and other charges

3   to the account.  Chase Finance failed to respond to Plaintiffs'

4   request.

5        Trustee's sale of the property was originally scheduled for

6   April 9, 2009, but then postponed to July 10, 2009.  On July 9,

7   2009, the day prior to the sale, Plaintiffs filed the underlying

8   complaint, including a request for a Temporary Restraining Order

9   to stop the sale, which was denied.  The Plaintiffs' nine

10  remaining causes of action still stand including allegations of

11  violation of the federal Truth In Lending Act ("TILA"), violation

12  of the federal Real Estate Settlement Procedures Act ("RESPA"),

13  breach of the Covenant of Good Faith and Fair Dealing, breach of

14  Fiduciary Duty, and Fraud.  Defendants also request declaratory

15  relief, declaration of nullity of documents, quiet title, and

16  injunctive relief.

17

18                              **STANDARD**

19

20       On a motion to dismiss for failure to state a claim under

21  Rule 12(b)(6), all allegations of material fact must be accepted

22  as true and construed in the light most favorable to the

23  nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

24  337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and

25  plain statement of the claim showing that the pleader is entitled

26  to relief" in order to "give the defendant fair notice of what

27  the...claim is and the grounds upon which it rests."

28  ///

                                  3

1  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting
2  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint
3  attacked by a Rule 12(b)(6) motion to dismiss does not need
4  detailed factual allegations, a plaintiff's obligation to provide
5  the "grounds" of his "entitlement to relief" requires more than
6  labels and conclusions, and a formulaic recitation of the
7  elements of a cause of action will not do.  Id. at 1964-65
8  (internal citations and quotations omitted).  Factual allegations
9  must be enough to raise a right to relief above the speculative
10 level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The
12 pleading must contain something more...than...a statement of
13 facts that merely creates a suspicion [of] a legally cognizable
14 right of action")).

15      "Rule 8(a)(2)...requires a 'showing,' rather than a blanket
16 assertion of entitlement to relief.  Without some factual
17 allegation in the complaint, it is hard to see how a claimant
18 could satisfy the requirements of providing not only 'fair
19 notice' of the nature of the claim, but also 'grounds' on which
20 the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must
21 contain "only enough facts to state a claim to relief that is
22 plausible on its face."  Id. at 570.  If the "plaintiffs...have
23 not nudged their claims across the line from conceivable to
24 plausible, their complaint must be dismissed."  Id.
25 Nevertheless, "[a] well-pleaded complaint may proceed even if it
26 strikes a savvy judge that actual proof of those facts is
27 improbable, and 'that a recovery is very remote and unlikely.'"
28 Id. at 556.

1    When a claim for fraud is raised, Federal Rule of Civil

2    Procedure 9(b) provides that "a party must state with

3    particularity the circumstances constituting fraud."  "A pleading

4    is sufficient under Rule 9(b) if it identifies the circumstances

5    constituting fraud so that the defendant can prepare an adequate

6    answer from the allegations."  Neubronner v. Milken, 6 F.3d 666,

7    671-672 (9th Cir. 1993) (internal quotations and citations

8    omitted).  "The complaint must specify such facts as the times,

9    dates, places, benefits received, and other details of the

10   alleged fraudulent activity."  Id. at 672.

11   A court granting a motion to dismiss a complaint must then

12   decide whether to grant leave to amend.  A court should "freely

13   give" leave to amend when there is no "undue delay, bad faith[,]

14   dilatory motive on the part of the movant,...undue prejudice to

15   the opposing party by virtue of...the amendment, [or] futility of

16   the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371

17   U.S. 178, 182 (1962).  Generally, leave to amend is denied only

18   when it is clear the deficiencies of the complaint cannot be

19   cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957

20   F.2d 655, 658 (9th Cir. 1992).

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**ANALYSIS**

**A.    TILA Claim as Asserted Against JP Morgan**[2]

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. § 1601(a).  Plaintiffs allege that under TILA provisions JP Morgan was required to deliver two validly executed copies of the notice of the right rescind, but instead delivered only one properly executed Right to Cancel Notice for each borrower.  JP Morgan argues that Plaintiffs' claim for TILA violations is time-barred because civil penalties under TILA are subject to a one-year statute of limitations.

Specifically the TILA statute of limitations, codified at 15 U.S.C. § 1640(e), states that, "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of occurrence of the violation."  The "date of occurrence" is the date the transaction is consummated, which in a mortgage loan case is when the plaintiff closed on the loan.  See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).  Plaintiffs' loan closed on July 13, 2007, triggering a TILA statute of limitations period that expired July 13, 2008.

_____

[2] Specifically, Plaintiffs' Complaint identifies each cause of action as being against either "JP Morgan & CC Mortgage" or "All Defendants."  However, for the purposes of this Order, this court will refer only to JP Morgan and Chase (together referred to as "Defendants") unless otherwise indicated.

Plaintiffs, however, did not file suit until July 9, 2009, nearly a year after the prescribed period.  In most cases, an expiration of the statute of limitations would mandate dismissal of the claim.

However, to save their claim Plaintiffs argue that equitable tolling should apply to suspend the one-year statute of limitations.  The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  While the general rule may be that the limitations period starts at the consummation of the transaction, the "district courts may evaluate specific claims of equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."  Id.

In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  Excusable delay by the plaintiff is defined as whether a reasonable plaintiff would not have known of the existence for a possible claim within the limitations period. Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).

///

///

///

///

1  To establish excusable delay, the plaintiff must show "fraudulent

2  conduct by the defendant resulting in concealment of the

3  operative facts, failure of the plaintiff to discover the

4  operative facts that are the basis of its cause of action within

5  the limitations period, and due diligence by the plaintiff until

6  discovery of those facts."  <u>Federal Election Com'n v. Williams</u>,

7  104 F.3d 237, 240-41 (9th Cir. 1996).

8       Here, the only explanation that Plaintiffs provide to invoke

9  this equitable protection is that Plaintiffs are "ordinary

10 citizen[s], unschooled in the intricacies and technicalities of

11 the mortgage loan process."  They claim that they "discovered the

12 fraud and/or non-disclosures only recently after consultation

13 with their lawyer."  This explanation is hardly an excusable

14 delay sufficient to invoke this Court's application of equitable

15 tolling.  Entertaining such justification would open the

16 floodgates, allowing endless TILA suits to be filed under the

17 guise that one's lawyer "recently discovered the nondisclosure".

18      Plaintiffs have failed to show any concealment of facts by

19 the Defendant or even a scintilla of due diligence on their own

20 part.  The excuses provided are not grounds upon which the Court

21 can equitably rescue Plaintiffs' claim from late filing.

22      This Court will not institute a rule in which hiring an

23 attorney becomes the touchstone upon which tolling of the statute

24 of limitations may be granted.  Rather than preventing the

25 frustration of the purposes of the TILA, the application of

26 equitable tolling in this case would undermine congressional

27 intent in instituting a statute of limitations at all.

28 ///

1    Equitable tolling will not be applied, and thus the statute

2    of limitations period has run.  Defendants' motion to dismiss

3    Plaintiffs' TILA claim is GRANTED.

4

5    **B.    RESPA Claim as Asserted Against JP Morgan**

6

7    Plaintiffs contend that JP Morgan violated RESPA by failing

8    to disclose the yield spread premiums[3] ("YSP") as required by

9    RESPA guidelines codified at 12 U.S.C. § 2607.[4]  However, JP

10   Morgan argues that the statute of limitations has run on the

11   RESPA claim as well.  Because RESPA mandates a one-year statute

12   of limitations on claims arising under § 2607, see 12 U.S.C.

13   § 2614, Plaintiffs' RESPA claim should have been filed by

14   July 13, 2008, a year after their loan closed.  Instead,

15   Plaintiffs did not file until July 9, 2009, well after the

16   statute of limitations has expired.  Again, Plaintiffs call for

17   an application of equitable tolling to save their claim.

18   ///

19

---

20   [3] Specifically, Plaintiffs allege that JP Morgan failed to
     "disclose the nature of the YSP on the Good Faith Estimate,"
21   which itself was never provided.  The RESPA requirement that
     lenders provide a Good Faith Estimate is codified at 12 U.S.C.
22   § 2604.  However, RESPA does not authorize a private right of
     action for violations of § 2604, therefore JP Morgan's alleged
23   failure to provide the GFE is not addressed here.  See Bloom v.
     Martin, 865 F. Supp. 1377, 1383-1385 (N.D. Cal. 1994); see also
24   Collins v. FMHA-USDA, 105 F.3d 1366, 1366-67 (11th Cir. 1997).

25   [4] Although the language of the statute does not directly
     address whether the payment of a YSP to a mortgage broker is a
26   violation of RESPA, the Ninth Circuit has treated such claims as
     falling under 12 U.S.C. § 2607.  See Geraci v. Homestreet Bank,
27   347 F.3d 749, 751 (9th Cir. 2003) (relying on HUD's Statements of
     Policy, Lender Payments to Mortgage Brokers, 64 Fed. Reg. 10080
28   (Dep't of Housing & Urban Dev., March 1, 1999)).

1    For RESPA claims, the Ninth Circuit has not yet addressed
2  whether equitable tolling will apply.  However, several district
3  courts have found the doctrine to be available in appropriate
4  circumstances.  See Ferrari v. U.S. Bank, N.A., 2009 WL 3353028,
5  at *2 (N.D. Cal. Oct. 16, 2009); Brewer v. Indymac Bank, 609 F.
6  Supp. 2d 1104, 1118 (E.D. Cal. 2009); Marcelos v. Dominquez, 2008
7  WL 1820683, at *6 (N.D. Cal. April 21, 2008).  The most common
8  factor in determining applicability seems to be whether the
9  plaintiff has plead some level of due diligence in investigating
10  their RESPA claim.  See Bassett v. Ruggles, 2009 WL 2982895, at
11  *12 (E.D. Cal. Sept. 14, 2009) (Equitable tolling applied where
12  Plaintiff contacted the company to which they paid the loans and
13  asked if there was a yield spread premium, yet the company
14  refused to confirm); Yulaeva v. Greenpoint Mortg. Funding, Inc.,
15  2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009) (Court held
16  equitable tolling could not apply where plaintiff did not plead
17  any facts regarding her reasonable diligence to discover the
18  information); Rosal v. First Federal Bank of California, 2009 WL
19  2136777, at *6-8 (N.D. Cal. July 15, 2009) (Court held that
20  plaintiff failed to show excusable delay because the plaintiff
21  could have compared his loan documents with TILA and RESPA
22  statutory requirements.  Therefore equitable tolling was not
23  warranted.).
24  ///
25  ///
26  ///
27  ///
28  ///

1    Here, Plaintiffs, in support of their request for equitable
2  tolling, urge this court to look to a sister court ruling which
3  noted that "The Ninth Circuit has cautioned against resolving
4  equitable tolling issues on a 12(b)(6) motion unless the
5  assertions of the complaint read with required liberality would
6  not permit the plaintiff to prove that the statute was tolled."
7  Velazquez v. GMAC, 605 F. Supp. 2d 1049, 1060 (C.D. Cal. 2008)
8  (citing Jablon v. Dean Witter  Co., 614 F.2d 677, 682 (9th Cir.
9  1980)).  However here the "proof" that the Plaintiffs offer as to
10 why the equitable tolling should be afforded is that they had not
11 yet consulted with a lawyer.  They fail to allege any due
12 diligence outside of hiring a lawyer.  Even when read with
13 "required liberality," for the reasons set forth above this is
14 not sufficient to justify tolling of statute of limitations.

15    The RESPA claim is therefore time-barred, and Defendants'
16 motion to dismiss the RESPA claim is GRANTED.

17

18    **C.   Claims for Declaratory Relief and Declaration of
           Nullity of Documents as Asserted Against Defendants**
19

20    Declaratory relief is an equitable proceeding.  Generally,
21 declaratory judgment actions are justiciable if "there is a
22 substantial controversy, between parties having adverse legal
23 interests, of sufficient immediacy and reality to warrant the
24 issuance of a declaratory judgment."  Maryland Casualty Co. v.
25 Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).
26 ///
27 ///
28 ///

11

Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. <u>Eureka Federal Sav. & Loan Asso. v. American Casualty Co.</u>, 873 F.2d 229, 231 (9th Cir. 1989) (citations and quotations omitted).

Plaintiffs seek judicial declaration that Defendants do not have a right to foreclose on the property because they do not have possession of the original note. However, pursuant to Section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Cal. Civ. Code § 2924(a) (authorizing the trustee, mortgagee, or beneficiary, or any of their authorized agents the right to record a notice of default.) Production of the original note is not required to proceed with a non-judicial foreclosure. <u>Id</u>.; <u>see also</u> <u>Putkkuri v. Recontrust Co.</u>, 2009 WL 32567, at *2 (S.D.Cal. Jan. 5, 2009); <u>Pagtalunan v. Reunion Mortgage Inc.</u>, 2009 WL 961995, at *2 (N.D. Cal. Apr.8, 2009).

Furthermore, Plaintiffs seek judicial declaration nullifying the Substitution of Trustee, Notice of Default, and Notice of Trustee's Sale. They do so on the basis that the power of sale in the original note no longer applies because JP Morgan does not have possession of the note, and therefore the documents that flowed from that power are void.

///

///

///

1    However, just as California statutes do not require possession of

2    the original note to institute foreclosure proceedings, the power

3    of sale authorizing the documents Plaintiffs seek to nullify is

4    not disrupted by securitization of the note.  <u>See</u> Cal. Civ. Code

5    § 2924(a) ("a power of sale is conferred upon the mortgagee,

6    trustee, or any other person, to be exercised after a breach of

7    the obligation for which that mortgage or transfer is a

8    security").

9         Accordingly, because Plaintiffs' allegations as to

10   Defendants' lack of authority are insufficient as a matter of

11   law, there is no actual controversy between the parties

12   warranting declaratory judgment.

13        Defendants' Motions to Dismiss Plaintiffs' request for

14   Declaratory Relief and Declaration of nullity of documents are

15   GRANTED.

16

17        **D.   Fraud Claim as Asserted Against JP Morgan**

18

19        In California the required elements of fraud are

20   "a) misrepresentation; b) knowledge of falsity; c) intent to

21   defraud, i.e., to induce reliance; d) justifiable reliance; and

22   e) resulting damage."  <u>In re Estate of Young</u>, 160 Cal. App. 4th

23   62, 79 (2008) (citation omitted).  A claim for fraud requires a

24   heightened pleading standard in which the allegations must be

25   "specific enough to give defendants notice of the particular

26   misconduct which is alleged to constitute the fraud charged so

27   that they can defend against the charge and not just deny that

28   they have done anything wrong."

1  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

2  Statements of the time, place and nature of the alleged

3  fraudulent activities are sufficient, id. at 735, provided the

4  plaintiff sets forth "what is false or misleading about a

5  statement and why it is false." In re GlenFed, Inc., Securities

6  Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

7      Here, that standard has not been met.  Plaintiffs allege

8  that JP Morgan committed fraud by failing to disclose to

9  Plaintiffs that their income would be insufficient to repay the

10  loan.  However, this is contrary to their previous allegation

11  that their income was never verified and that no Real Income

12  analysis was conducted.  If Defendants were not properly aware of

13  Plaintiffs' income then they could not have misrepresented with

14  knowledge of falsity Plaintiffs' ability to repay.  Such

15  contradictory pleading by the Plaintiffs is insufficient to place

16  JP Morgan on clear notice of its alleged wrongdoing.

17      Furthermore Plaintiffs allege that they were misled by "the

18  statement of the representative of JP Morgan and/or CC Mortgage

19  that CC Mortgage and JP Morgan are the only ones that could give

20  and approve the Plaintiffs the loan."  The fact that Plaintiffs

21  could not indicate *which* Defendant is responsible for the

22  statement is highly problematic under the heightened pleading

23  standard for a fraud claim.  The use of "and/or" does not provide

24  the specificity necessary to place Defendants on notice.

25  Plaintiffs do not attempt to explain why they are unable to

26  identify the proper defendant, nor do they identify a time,

27  place, or circumstances under which these statements were made.

28  ///

14

Instead they amorphously point to a vague wrongdoing committed by one of two potential defendants.

Plaintiffs' fraud claim falls well short of the necessary pleading requirements.  Therefore Defendants' Motion to dismiss Plaintiffs' Fraud claim is GRANTED.

**E.    Breach of Covenant of Good Faith and Fair Dealing as Asserted Against Defendants**

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp., 7 Cal. 3d 654, 683-684, (1988). The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.  Id. at 690.  "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract."  Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1998).

Under California law, recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties."  Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999). California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary like relationships, should encompass normal commercial banking transactions.

15

1 | <u>Mitsui Mfrs. Bank v. Superior Court</u>, 212 Cal. App. 3d 726, 729
2 | (1989).

3 |      Plaintiffs allege that the covenant of good faith and fair
4 | dealing was breached when, inter alia, 1) Defendants failed to
5 | verify the Plaintiffs' income and ability to pay; 2) Defendants
6 | failed to disclose that the loan provided to Plaintiffs was not
7 | the best loan available and the terms were not in Plaintiffs'
8 | best interest; and 3) Defendants foreclosed on the property
9 | without having possession of the promissory note.

10 |      As a preliminary matter, Defendants are not beholden, under
11 | any canon of contract law to provide the best possible loan or
12 | terms.  The wrongs Plaintiffs complain of do not stand in the way
13 | of the express terms of the contract, but instead seem to touch
14 | on public policy concerns regarding the mortgage lending process.
15 | However, redress for such concerns is not available under the
16 | good faith doctrine.  Nor is there a "unique fiduciary
17 | relationship" between parties such that application of the
18 | doctrine is warranted.  Instead, the alleged breach arises out of
19 | a normal commercial transaction, a mortgage loan, and the
20 | California courts have declined to extend the doctrine to such
21 | transactions.

22 |      Accordingly, Defendants' Motion to dismiss Plaintiffs' claim
23 | for breach of the Covenant of Good faith and fair dealing is
24 | hereby GRANTED.

25 | ///
26 | ///
27 | ///
28 | ///

16

**F.    Breach of Fiduciary Duty as Asserted Against Defendants**

The elements of a cause of action for breach of fiduciary duty are 1) the existence of a fiduciary duty, 2) the breach of that duty; and 3) damage proximately caused by the breach.  Under California law, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Federal Savings and Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991); see also Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989).  Unless there is a finding of a joint venture or special circumstances, a lender does not owe a borrower a fiduciary duty.   Resolution Trust Corp. v. BVS Development Inc., 42 F.3d 1206, 1214 (9th Cir. 1994).  Similarly, a trustee under a deed also does not have a fiduciary duty to the borrower because its role is merely to be a common agent for the trustor and beneficiary and of a deed of trust. Heritage Oaks Partners v. First American Title Ins. Co., 155 Cal. App. 4th 339, 345 (2007).  The trustee does not owe any duty to the borrower beyond what is specified in the deed and statutes.  Id.

Plaintiffs allege that Defendants breached a fiduciary duty by not acting in Plaintiffs' best interests.  However JP Morgan, as a mere lender of money, and Chase Finance, as a trustee, owed no fiduciary duty to Plaintiffs.

Therefore, Defendants' Motion to dismiss Plaintiffs' claim for breach of fiduciary duty is GRANTED.

///

**G.    Claim for "Quiet Title" as Asserted Against Defendants**

California Code of Civil Procedure § 760.010 provides for a quiet title action "to establish title against adverse claims to real or personal property or any interest therein."  To state a cause of action for quiet title, a plaintiff must plead: (1) a legal description of the property that is the subject of the action; (2) the title of the plaintiff and the basis upon which such title is asserted; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Cal. Civ. Proc. Code § 760.020.  The complaint in an action to quiet title must be verified, unless plaintiff is a public entity.  Id.  In addition, if the quiet title action is based on the defendant's fraud in obtaining record title, the plaintiff must plead the factual basis for fraud specifically. Moss Estate Co. v. Adler, 41 Cal. 2d 581, 583 (1953) ("[T]he general rule that fraud must be specifically pleaded applies particularly to quiet title actions."  Strong v. Strong, 22 Cal. 2d 540, 545-46 (1943)).  In an action to quiet title, the plaintiff must stand on the strength of his or her own title and not the weaknesses of the defendant's title.  Millard v. Faus, 268 Cal. App. 2d 76, 82 (1968).

In their claim for quiet title, Plaintiffs simply allege that Defendants have no title, lien, or interest in the subject property because Defendants are not the holder of the promissory note.

As explained above, under California law actual possession of the note is not necessary to institute foreclosure proceedings nor does it nullify Defendants' security interest.  Plaintiffs generalized statements as to the lack of authority in Defendants are not sufficient to warrant a judicial declaration quieting title in Plaintiffs.

Accordingly, Defendants' Motion to dismiss Plaintiffs' request to quiet title is GRANTED.

**H.   Plaintiff's Claim for Injunctive Relief**

Plaintiffs seek to enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting foreclosure proceedings or trustee's sale on the property.

A preliminary injunction is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence.  See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief).
///

1    Despite their several causes of action, Plaintiffs have

2 failed to show a likelihood of success on the merits of any of

3 their claims, making issuance of a preliminary injunction

4 improper.  Plaintiffs base their entitlement to an injunction on

5 the securitization of the note however, again, Defendants are not

6 required to possess the note in order to foreclose.  At this

7 time, none of Plaintiffs claims are of sufficient weight to

8 survive the challenge of a Rule 12(b)(6) Motion to Dismiss, much

9 less meet the burden necessary to afford the extraordinary remedy

10 of injunctive relief.

11    Therefore, Defendants' Motion to dismiss Plaintiffs' request

12 for injunctive relief is hereby GRANTED.

13

14                         **CONCLUSION**

15

16    For the reasons set forth above, Defendants' Motion to

17 Dismiss Plaintiffs' Complaint is GRANTED with leave to amend.[5]

18 (Docket No. 20).

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

27    [5] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

1       Plaintiffs may file an amended complaint not later than

2 twenty (20) days after the date this Memorandum and Order is

3 filed electronically.  If no amended complaint is filed within

4 said twenty (20)-day period, without further notice, Plaintiffs'

5 remaining claims will be dismissed without leave to amend.

6       IT IS SO ORDERED.

7 Dated: December 10, 2009

 

 

 

10 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE

21